UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

QUINTAY E. GOODEN,

    Plaintiff,

v.                                                     CASE NO.

MEGAN J. BRENNAN, in her official
Capacity as POSTMASTER GENERAL,
UNITED STATED POSTAL SERVICE,

    Defendant.
_____/

## COMPLAINT

    Plaintiff, QUINTAY E. GOODEN, hereby sues Defendant, MEGAN J. BRENNAN, in her official capacity as POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, and alleges:

## NATURE OF THE ACTION

    1.     This is an action brought under 42 U.S.C. §2000e et seq. (Title VII); 42 U.S.C §1981a; and 29 U.S.C. §794 (The Rehabilitation Act). Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1343 (civil rights claim jurisdiction). Costs and attorney's fees are also sought under 5 U.S.C. §504 and/or 28 U.S.C. §2412.

1

2. Demand is made herein for damages in excess of Seventy-Five Thousand Dollars ($75,000.00). Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorney's fees, costs, and damages.

## CONDITIONS PRECEDENT

3. Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity office within the Defendant. This action is timely brought thereafter.

## THE PARTIES

4. At all times pertinent hereto, Plaintiff, QUINTAY E. GOODEN, has been a resident of the State of Georgia and was employed by Defendant in Florida. Plaintiff performs all job duties in Florida. She is, thus, *sui juris*. Plaintiff is a member of a protected class because of her gender (female), pregnancy, disability, and retaliation (EEO activity).

5. At all times pertinent hereto, Defendant, MEGAN J. BRENNAN, in her official capacity as POSTMASTER GENERAL of the UNITED STATES POSTAL SERVICE ("USPS"), has been operating and existing under the laws of the United States of America, doing business under the laws of the United States of American and the State of Florida. At all times alleged, Defendant was Plaintiff's "employer" as the term is used under the applicable laws identified above.

## **STATEMENT OF THE ULTIMATE FACTS**

6. Plaintiff began her employment with Defendant on August 21, 2017, in New York, and transferred to Florida on February 20, 2018.

7. Plaintiff was subjected to disparate treatment, different terms and conditions of employment, held to a different standard because of her race, gender, pregnancy, and disability, and was retaliated against after reporting unlawful employment practices and disparate treatment.

8. The continuous disparate treatment came at the hands of specifically, but not limited to, Managers Megan Barber (white female), Paul Jones (black male), Jaquesia Hail (black female), and Supervisor Jeanie Green (white female).

9. Plaintiff encountered disparate treatment at the USPS Gulf Main Facility (GMF) as well as USPS Leon County Facility.

10. At the USPS GMF location, beginning in or around mid 2018, Manager Jones changed Plaintiff's hours, giving priority to other employees with less seniority. Specifically, Jamarcus Cole, a black male, was given preferential treatment in terms of the number of hours, shift assignments, and days off. This is one of many instances Plaintiff was treated unfairly due to her gender by Jones.

11. Because of the disparate treatment of Plaintiff as compared to her male counterparts, on January 16, 2019, Plaintiff filed an EEO complaint regarding Manager Jones discriminatory practices. Manager Jones behavior did not improve

after the complaint was filed but got worse and the retaliation started.

12. In April 2019, while at work at the Gulf location, Plaintiff injured her knee on the job due to a malfunctioning lift on a truck. Plaintiff informed Manager Barber of the injury and Manager Barber instructed Plaintiff to come to her office to get the paperwork needed to report an on the job injury. Plaintiff went to retrieve the paperwork. Upon arriving, Manager Barber commented to Plaintiff stating there was nothing wrong with her knee. Plaintiff waited for the paperwork in the office of Manager Barber for approximately 3-4 hours. During this time, Plaintiff was sitting quietly waiting on the paperwork and even talked to her union representative at this time as well. After about 3-4 hours, Plaintiff respectfully questioned Manager Barber regarding how much longer the paperwork would take. Manager Barber then told Plaintiff to get out of her office or she was going to call the police. Afraid and confused, Plaintiff went to a different location when told to leave. Boyd informed an additional union representative, Robert Mongeon, the police were called and Mongeon went to aid Plaintiff.

13. Manager Barber, unbelievably, called the police on Plaintiff and when they arrived in the scene, they informed Plaintiff she was reported to them for cussing. This was a false claim against Plaintiff.

14. Plaintiff became extremely anxious, began shaking, and hyperventilating because of this false allegation against her. Plaintiff has asthma

which was known or should have been known by the Defendant due to Plaintiff's use of an inhaler while on the job. Paramedics even had to be called because Plaintiff was having a panic/anxiety attach while still trying to deal with her asthma. She was told by the paramedics not to drive until she calmed down. However, Barber then threatened to call the police again if Plaintiff and Mongeon did not leave the location. Mongeon drove the Plaintiff's car out of the location in light of this threat.

15. During Plaintiff's time of employment, Plaintiff never witnessed police being called on any other employee.

16. In early June 2019, Plaintiff submitted a document requesting a modified job offer due to her knee injury. Manager Jones indicated there was no work available. Plaintiff was then marked by Manager Jones as AWOL. On June 13, 2019, a Pre-Disciplinary Interview (PDI) was held in which Dan Becker, the Postmaster General, Manager Jones, Plaintiff, Boyd, and Mongeon were present. When the Union Representatives left the room to make copies, Manager Jones physically threatened Plaintiff saying "I'm going to jack you up." Later that day, Plaintiff informed Dan Becker of what Manager Jones said. Manager Jones was not disciplined but Plaintiff was thereafter transferred to USPS Leon. This is one of many instances the Plaintiff was treated unfairly due to her gender.

17. In June 2019, Plaintiff was transferred to a different USPS location, Leon County Post Office. Supervisor Jeanie Green became Plaintiff's supervisor and

Manager Hail became Plaintiff's manager.

18.     On October 9, 2019, the Plaintiff was placed on bed rest by her doctor due to serious medical complications due to her pregnancy rising to the level of a disability.  On November 9, 2019, the Plaintiff was cleared by her doctor to return to work under certain restrictions. The Plaintiff could only lift up to ten pounds and needed to take a ten minute break every two hours. Plaintiff was ready, able, and willing to return to work.

19.     Supervisor Green refused to allow Plaintiff back at work due to her pregnancy. This is one of instances the Plaintiff was retaliated and discriminated against based on her pregnancy/disability.

20.     On October 10, 2019, Plaintiff filed an addition EEO complaint regarding discriminatory practices by management and supervisors. These managers and supervisors have yet to correct their discriminatory behavior.

21.     From November 9, 2019 until December 21, 2019, Plaintiff was not permitted to work.  On or around December 21, 2019, Supervisor Green offered Plaintiff a position as a caser up for two hours a day.  This is a substantial reduction in the number of hours that Plaintiff was working prior to her pregnancy.

22.     In early January 2020, Manager Hail questioned Plaintiff regarding the status of her dilation and if the Plaintiff was having sex. Plaintiff was offended and shocked by these questions.  Plus, Hail and Plaintiff did not have a close personal

relationship that would permit such conversation.

23. Although Plaintiff gave Defendant multiple opportunities to address the issues identified above without success.

24. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## GENDER BASED DISCRIMINATION

25. Paragraphs 1 through 24 are re-alleged and incorporated herein by reference.

26. This is an action against Defendant for discrimination based upon gender brought under 42 U.S.C. §2000e <u>et seq.</u>. for the time period that Plaintiff was located at the GMF facility.

27. Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in that Plaintiff was treated differently than similarly situated employees of Defendant who are male and has been subject to poor treatment on the basis, at least in part, of Plaintiff's gender.

28. Defendant is liable for the differential treatment Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed

to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

29. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

30. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

31. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

32. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein led, at least in part, to adverse action against Plaintiff.

33. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender in violation of 42 U.S.C. §2000e et seq.

34. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life

and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive and equitable relief.

## COUNT II
## PREGNANCY DISCRIMINATION

44. Paragraphs 1 through 24 are realleged and incorporated herein by reference.

45. This is an action against Defendant for discrimination based upon pregnancy.

46. Plaintiff has been the victim of discrimination on the basis of her pregnancy in that Plaintiff was treated differently than similarly situated employees of Defendant who are not pregnant and has been subject to hostility and poor treatment on the basis, at least in part, of her pregnancy.

47. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.  Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

48. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

49. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a pregnancy-based nature and in violation of the laws set forth herein.

50. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to adverse action against Plaintiff.

51. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon pregnancy.

52. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive and equitable relief.

## COUNT III
## DISABILITY DISCRIMINATION

53. Paragraphs 1 through 24 are incorporated herein by reference.

54. This count sets forth a claim against Defendant for discrimination based on handicap/disability, Defendant's perception of Plaintiff as disabled and/or Plaintiff's record of having an impairment.

55. Defendant, through its agents, apparent agents, and employees, because of Plaintiff's handicapped/disability targeted Plaintiff and refused to accommodate her and/or to engage in the interactive process with her. Defendant took against Plaintiff because of her disabling condition, i.e., pregnancy, by way of example but not limitation, she had limitations in her ability to life heavy objects, walk, stand, squat, and bend, and/or Defendant's perception of Plaintiff as being disabled. Alternatively, Defendant perceived Plaintiff to be disabled and took action against her as a result thereof and/or failed to reasonably accommodate her.

56. There is no legitimate reason that has been presented, nor can there be any legitimate reason, for the adverse treatment of Plaintiff.

57. Defendant harbored ill-motives and intent to cause disparate and discriminatory treatment of Plaintiff.

58. Defendant knew or should have known of these conditions as they were open and notorious and well known to Defendant. The adverse treatment of Plaintiff,

together with the facts set forth above, were brought to the attention of Defendant and Defendant perpetuated this treatment by condoning the actions and inactions affecting Plaintiff.

59. Defendant is responsible for the violations of Plaintiff's rights as set forth herein because it exercised control over the adverse treatment of Plaintiff. In the alternative, Defendant failed to properly supervise its employees thereby causing foreseeable harm to Plaintiff's rights set forth herein.

60. As a direct and proximate result of Defendant's actions described above, Plaintiff has sustained damages including but not limited to mental, nervous, and emotional injury. Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages. These damages have occurred in the past, are occurring at present and will continue in the future. Plaintiff is entitled to injunctive/equitable relief.

## **COUNT IV**
## **RETALIATION**

69. Paragraphs 1 through 24 are realleged and incorporated herein by reference.

70. Defendant is an employer as that term is used under the applicable statutes referenced above.

71. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting Plaintiff under 42 U.S.C § 2000e et seq. and other laws cited above.

72. The foregoing unlawful actions by Defendant were purposeful.

73. Plaintiff voiced opposition to unlawful employment practices during Plaintiff's employment with Defendant and was the victim of retaliation thereafter, as related in part above.

74. Plaintiff is a member of a protected class because of her race, and because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

75. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a)   that process issue and this Court take jurisdiction over this case;

(b)   that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff including reinstatement;

(c)   enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendants for Defendant's violations of law enumerated herein;

(d)   enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)   enter judgment against Defendant and for Plaintiff awarding costs;

(f)   award Plaintiff interest; and

(g)   grant such other further relief as being just and proper under the circumstances.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Dated this 17th day of January 2020.

Respectfully submitted,

s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801

ATTORNEYS FOR PLAINTIFF